**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE J. CAMINO,

                Petitioner - Appellant,

  v.

L. S. MCEWEN, Warden,

                Respondent - Appellee.

No. 13-56319

D.C. No. 8:12-cv-00057-GW-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 8, 2015
Pasadena, California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

    Jose Camino appeals the district court's denial of his 28 U.S.C. § 2254

petition.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  The

California Court of Appeal's determination that Camino was not subjected to an

unlawful, deliberate two-step interrogation is neither contrary to, nor an

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 785-86 (2011).

The California Court of Appeal correctly identified and applied Supreme Court precedent governing midstream *Miranda* warnings. The California Court of Appeal considered whether substantial evidence supported the trial court's finding that the officers did not deliberately employ a two-step interrogation strategy. *Missouri v. Seibert*, 542 U.S. 600 (2004). Focusing on Officer Rondou's testimony and the murky circumstances of Camino's involvement in the crime at the beginning of the interview, the California Court of Appeal reasonably applied *Seibert*'s law on deliberateness.

In the context of two-step interrogations, we have held that "a deliberateness finding is appropriately reviewed as a factual finding." *United States v. Narvaez-Gomez*, 489 F.3d 970, 974 (9th Cir. 2007). We must defer to a state court's factual finding unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Taylor v. Maddox*, 366 F.3d 992, 999-1000 (9th Cir. 2004). Here, in light of Officer Rondou's testimony and the circumstances of Camino's arrest, the state trial court reasonably concluded that "there [was] no deliberately employed two-step process."

**AFFIRMED.**